IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-03210-REB-BNB

ROBERT S. OLDS, and
BONNIE L. OLDS,

Plaintiffs,

v.

BANK OF AMERICA, N.A.,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

1. The plaintiffs' **Complaint** [Doc. #1-3, filed 12/07/2012]; and

2. **Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Doc. #6, filed 12/14/2012] (the "Motion to Dismiss").

The Complaint is STRICKEN, and the plaintiffs are directed to submit an amended complaint that complies with this order. The Motion to Dismiss is DENIED WITHOUT PREJUDICE.

This action was filed in the Arapahoe County District Court on November 16, 2012. It was removed to this court on December 7, 2012, based on both federal question and diversity jurisdiction. The allegations of the Complaint arise out of the foreclosure of the plaintiffs' property.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

I am aware that the plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for *pro se* litigants, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Complaint suffers from many deficiencies. It is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an

action." D.C.COLO.LCivR 8.1A. In addition, all typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. The Complaint is typewritten and single-spaced.

In addition, the plaintiffs do not clearly state their claims; the legal bases for their claims; the actions or inactions of the defendant; and how those actions or inactions violate the law. Consequently, the Complaint fails to provide notice of the plaintiffs' causes of action as required by Rule 8.

The Complaint is stricken. The plaintiffs shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order. The amended complaint shall be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiffs' case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; identify which defendant(s) the claim is brought against; and allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain conclusory allegations or argument.

IT IS ORDERED:

1. The Complaint is STRICKEN for failure to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and D.C.COLO.LCiv.R 10.1E;

2. The plaintiffs shall have until **January 2, 2013**, to submit an amended complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, D.C.COLO.LCiv.R 10.1E, and this order;

3. The plaintiffs' failure to comply with this order may result in a recommendation that the plaintiffs' case be dismissed;

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form; and

5. The Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #6] is DENIED WITHOUT PREJUDICE.

Dated December 27, 2012.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge