IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-03210-REB-BNB

ROBERT S. OLDS, and
BONNIE L. OLDS,

Plaintiffs,

v.

BANK OF AMERICA, N.A.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Doc. #18, filed 01/28/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

This action was filed in the Arapahoe County District Court on November 16, 2012. The defendant removed the action to this court on December 7, 2012, based on both federal question and diversity jurisdiction [Doc. #1].

On December 27, 2012, I struck the Complaint because it did not comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and D.C.COLO.LCiv.R 10.1E. I directed the plaintiffs to file an amended complaint [Doc. #9]. I specifically ordered that the proposed amended complaint "state the legal basis for the claim; identify which defendant(s) the claim is brought against; and allege facts sufficient to state a claim for relief as to each of those defendants."

The plaintiffs filed their Amended Complaint on January 8, 2013 [Doc. #14]. In the Amended Complaint, the plaintiffs allege that the defendant "wrongfully caused the foreclosure sale of the plaintiffs' property while the [defendant] and its agents continued to give plaintiffs reason to believe the loan on plaintiffs' property was being reviewed for loan modification under the Making Homes Affordable Act." *Amended Complaint*, p. 1. The plaintiffs request $310,000.00 (the value of the property); loss of income "from having to take time out to gain our property back" in the amount of $75,000.00; "Filing Fees and Clerical Fees to file this action" in the amount of $644.68; return of the property "without any encumbrance of a mortgage"; and "[p]ossible relief from Defendant's Attorney's actions." The plaintiffs assert four claims for

relief, but no legal basis for the claims is identified. Id. at p. 3. Indeed, the claims are simply an explanation of their requests for damages.

On the first page of the Amended Complaint, the plaintiffs state that the Federal Trade Commission Act ("FTC Act") "provides relief for homeowners who were harmed by the Unfair and Deceptive Acts and Practices that [the defendant] engaged in. (see FTC ACT, 15 U.S.C. § 45(a)."[1] In addition, they define "unfair acts" under the FTC Act and argue that they are not exempt from Section 5 of the FTC Act. *Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [Doc. #21] (the "Response"), p. 6.[2] I construe the Amended Complaint as asserting a claim under the FTC Act.[3]

### III. ANALYSIS

The defendant argues that there is no private right of action under the FTC Act. *Motion*, pp. 9-10. Section 5 of the FTC Act prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). The FTC Act empowers the Federal Trade Commission alone to enforce the prohibition.

---

[1] "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotations omitted). However, it is worth noting that the initial Complaint unequivocally asserts a claim under the FTC Act. *Complaint* [Doc. #1], second page.

[2] In their response to the defendant's Motion, the plaintiffs discuss the Colorado Consumer Protection Act ("CCPA"). Id. at p. 4. The plaintiffs did not raise the CCPA in their Amended Complaint (or their initial Complaint). To the extent the plaintiffs are attempting to assert a claim under the CCPA in their Response (or any other claim), I will not address claims raised for the first time in a brief opposing a dispositive motion.

[3] Any other claims the plaintiffs may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

15 U.S.C. § 45(b).  Accordingly, there is no private right of action under the FTC Act.  <u>American Airlines v. Christensen</u>, 967 F.2d 410, 414 (10th Cir. 1992).

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #18] be GRANTED and the Amended Complaint be DISMISSED in its entirety.[4]

Dated June 20, 2013.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).